UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**LARRY RANDALL COURSEY**                                                                                              **PLAINTIFF**

v.                                                                              **CIVIL ACTION NO. 5:21-CV-P117-TBR**

**CHRIS GREENFIELD et al.**                                                                                        **DEFENDANTS**

### MEMORANDUM OPINION

*Pro se* Plaintiff, Larry Randall Coursey, was a pretrial detainee when he initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the claims will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff names as Defendants in their official capacities Marshall County Deputy Sheriff Chris Greenfield, Calvert City Police Officer Josh Burkeen, and an unidentified Marshall County Deputy Sheriff. He alleges as his first claim violations of his First, Fourth, Fifth, and Fourteenth Amendments rights when on April 9, 2021, while sitting near the Kentucky Dam's floodgates in the early morning hours "practicing [his] religious freedoms," he was approached and harassed for his I.D. for over 45 minutes by Defendants Greenfield and Burkeen. He states that they "detained, searched, seized, arrested [and] removed" him from the Tennessee Valley Authority (TVA) property and transported him to jail "without the authority of law to do so."

As his second claim, Plaintiff alleges that neither Defendant Greenfield nor Defendant Burkeen is "commissioned to be on the T.V.A. property, and I violated no laws." He states that the two officers were not in pursuit of him but "were responding to a phone call of 'a stranger on

the Dam appears to be on drugs.'" He further states that he was charged with "7 charges[,] one [of] criminal trespass" in violation of his Fifth and Fourteenth Amendment rights of equal protection.

Plaintiff's third claim is that he has been in jail for 120 days awaiting trial and that his "freedoms have been taken away without authority to do so." He again references the First, Fourth, Fifth, and Fourteenth Amendment and states that on page 3 of his criminal citation, Defendant Greenfield "associated drugs with my religion."

As relief, Plaintiff requests monetary damages.

Shortly after filing his complaint, Plaintiff filed a "Memorandum of Law" (DN 5) and attached documents (DN 6). The Court considers these to be an amendment and attachments to the complaint and will consider these along with the complaint in conducting its initial review. *See* Fed. R. Civ. P. 15(a) (amending complaint as a matter of right).

Included among the attachments is a three-page Uniform Citation from Plaintiff's arrest listing seven charges against him: (1) possession of methamphetamine; (2) possession of drug paraphernalia; (3) wanton endangerment, first degree, of police officer; (4) criminal trespassing, second degree; (5) criminal littering; (6) disorderly conduct, second degree; and (7) public intoxication on a controlled substance. According to the citation, while questioning him near the Kentucky Dam, Defendants were able to verify that Plaintiff had an outstanding arrest warrant and at that point told Plaintiff that he was under arrest.

In another attachment to the complaint, Plaintiff states, "I had a petty warrant. However, Marshall Co. was not there to execute a warrant, they w[]ere responding to a dispatch call out of they [sic] jurisdiction."

Another attachment is a response from the Marshall County Sheriff's Department to Plaintiff's citizen complaint about his arrest. That response explains to Plaintiff that Marshall County Deputy Sheriffs "have full county wide jurisdiction everywhere in the county even on TVA property . . . . Further, you had a warrant which commands any peace officer anywhere in the [C]ommonwealth to make the arrest. County Attorney Darnall was conferred on this matter as well and confirmed the same."

Since filing his complaint, Plaintiff has informed the Court that the charges against him were dismissed (DNs 9 and 10) and that he is no longer incarcerated (DN 11).

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The claims against Defendants in their official capacity must be construed as brought against the governmental entity employing them, here, Marshall County and Calvert City. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046,

1049 (6th Cir. 1994). When a § 1983 claim is made against a municipality, a court must determine whether the plaintiff's harm was caused by a constitutional violation and also determine whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). In other words, the policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *see also Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, even reading Plaintiff's allegations liberally, as the Court is required to do, the Court finds that Plaintiff has not alleged that a Marshall County or Calvert City custom or policy

was the moving force behind any of the alleged constitutional violations. As such, his official-capacity claims will be dismissed.

Nor does the Court find that allowing Plaintiff to amend his complaint to name Defendants in their individual capacities is warranted because such amendment would be futile. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), and leave to amend should be denied if the amendment would be futile.").

*Plaintiff's first claim*

Plaintiff alleges that his First, Fourth, Fifth, and Fourteenth Amendment rights were violated when, while practicing his "religious freedoms," he was approached and "harassed" for his identification by Defendants Greenfield and Burkeen, then "detained, searched, seized, arrested [and] removed" from the TVA property and transported to jail "without the authority of law to do so."

To establish a First Amendment claim that his free exercise of religion has been infringed, Plaintiff must demonstrate that Defendants' conduct places a substantial burden on his sincerely held religious practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987). Here, Plaintiff simply alleges that Defendants' actions began while he was practicing his "religious freedoms." He does not explain what religion or what religious practices he was engaged in. Also, he states that Defendants were responding to a phone call from someone reporting "'a stranger on the Dam appears to be on drugs.'" Thus, nothing in his allegations supports a claim that any of Defendants' actions were prompted by Plaintiff's practice of a sincerely held religious belief. Additionally, it is clear that Plaintiff's arrest was precipitated by

5

Defendants' discovery that he had an outstanding warrant, and not by Plaintiff's unidentified religious practices. Thus, Plaintiff fails to state a First Amendment claim.

As to Plaintiff's Fourth Amendment claim, "[a]n arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005); *see also Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010). Here, Plaintiff admits that he was subject to a warrant, and he does not allege that the warrant was not valid. The Court, therefore, finds, that he has failed to state a Fourth Amendment claim for false arrest or imprisonment.

Because it is the Fourteenth Amendment's Due Process Clause which restricts the activities of the states and their instrumentalities while the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government, *see Scott v. Clay Cty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000), Plaintiff's Fifth Amendment claim fails to state a claim upon which relief may be granted.

Plaintiff's Fourteenth Amendment due-process claim also fails as it appears that it is premised on his belief that Defendants did not have jurisdiction in the area where Plaintiff was questioned and arrested. Although Plaintiff asserts that Defendants had no authority to act as they did because he was on TVA land, he does not offer any support as to why this would be the case. By federal statute, the TVA may designate certain persons "to act as law enforcement agents in the area of jurisdiction described in subsection (c)." 16 U.S.C. § 831c-3(a). However, that statute also provides that neither federal investigative jurisdiction nor state civil and criminal jurisdiction are preempted:

(d) . . . Nothing in this section shall be construed to--

> (1) limit or restrict the investigative jurisdiction of any Federal law enforcement agency; or
> (2) affect any right of a State or a political subdivision thereof to exercise civil and criminal jurisdiction on or within lands or facilities owned or leased by the corporation.

16 U.S.C. § 831c-3(d).

The Marshall County Sheriff's Department's response to Plaintiff's letter of complaint about his arrest explains to Plaintiff that Marshall County Deputy Sheriffs "have full county wide jurisdiction everywhere in the county even on TVA property. . . Further, you had a warrant which commands any peace officer anywhere in the commonwealth to make the arrest."[1]

### *Plaintiff's second claim*

Plaintiff alleges his right to equal protection was violated when Defendants responded to a phone call by a concerned citizen, even though they were not commissioned to be on TVA property, and charging him despite his not breaking any laws.

To sustain an equal-protection claim, Plaintiff must allege that Defendants intentionally discriminated against him because he was a member of a protected class, *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996), or that he was treated differently than similarly situated individuals. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).

Plaintiff's entirely conclusory allegation that his right to equal protection was violated fails to state an equal-protection claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint does not suffice if it tenders "'naked assertion[s]'" devoid of "'further factual enhancement'" (citation omitted)); *Twombly*, 550 U.S. at 555 ("Factual allegations must be

---

[1] The Court may consider this attachment to the complaint in conducting its initial review. *See, e.g.*, *Hull v. Baker*, No. 1:11-CV-623, 2011 WL 5361061, at *5 (W.D. Mich. Nov. 4, 2011) ("The hearing report is attached to the complaint and may be considered by the Court in evaluating whether Plaintiff states a claim.") (citing Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")).

7

enough to raise a right to relief above the speculative level[.]"). Plaintiff has not alleged that the alleged wrongful conduct was intentionally taken against him because of his membership in a protected class or that he was treated differently than similarly situated individuals, and, thus, fails to state an equal-protection claim.

*Plaintiff's third claim*

In his third claim, Plaintiff again references the First, Fourth, Fifth, and Fourteenth Amendment and states that on page 3 of his criminal citation Defendant Greenfield "associated drugs with my religion."

Plaintiff does not explain what religion he was practicing or why "associate[ing] drugs with my religion" would be a violation of his constitutional rights. Page 3 of the citation states in pertinent part, "Once at the jail Coursey stated that he had been using meth for four days straight and began acting more and more agitated and unruly. Coursey was also talking about demons and that devil and speaking general nonsense which, based on my experiences, is common with someone using stimulants." Nothing indicates that Plaintiff was arrested or jailed for practicing his, unidentified, religion. The Court finds that Plaintiff fails to state a First, Fourth, Fifth, or Fourteenth Amendment claim related to this entirely conclusory allegation.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: June 20, 2022

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Defendants
 Marshall County Attorney
4413.009

8